## Susan E. Kimberly v. Fanny Guilford.

*Contracts: Party in interest: Private agreements: Estoppel.* Where K and S have both had conversations with G whereby an oral arrangement was made for the use of a banking ground, and there was nothing in any of the negotiations to indicate that any one but K was the party in interest, K, when sued for the price of such use, will not be at liberty to defend on a showing that by a private agreement between him and S, the latter was to bank and move K's logs, and was bound to furnish the banking ground himself.

*Appropriating property of another: Promise to pay: Defense: Previous appropriations of defendant's property by plaintiff.* In an action for the value of logs belonging to plaintiff which defendant had taken and sawed and afterwards agreed to pay for, the defendant was held not at liberty under the circumstances of this case to justify his taking by a showing that certain other logs which had previously been mutually agreed on as plaintiff's logs,—each having by mistake cut over the line and upon the other's land,—and which plaintiff thereupon had taken and run down the stream, were in fact defendant's logs, no such claim having been made at the time of the taking or the promise to pay for the logs in suit, and no offer having been made to reimburse plaintiff for the expense of running the logs now claimed by defendant.

*Submitted on briefs June 7. Decided June 13.*

Error to Saginaw Circuit.

*D. W. Perkins,* for plaintiff in error.

*Albert Trask,* for defendant in error.

CAMPBELL, J:

Mrs. Guilford, the defendant in error, recovered judgment against Charles S. Kimberly, plaintiff in error's intestate, for a demand consisting of two items: *first,* the use of her land by Kimberly for banking logs; and *second,* the value of her logs used by Kimberly, which he agreed to pay for.

The plaintiff below proved an agreement with Kimberly to let him have the use of the banking ground, and upon the question whether the use was to be gratuitous or not, the jury found in her favor on the conflicting evidence. But it is claimed that the court below improperly shut out evidence which might have proved that the party really bound to furnish the use of a banking ground was one Smith, who was to bank and move Kimberly's logs.

The evidence of the defendant, as well as that of plaintiff, showed that Kimberly and Smith both had conversations with Mr. Guilford (who made the arrangement), in regard to banking the logs, and that those conversations were such as in no way to indicate to him that any one but Kimberly was the party in interest. The court below was right, therefore, in holding that under such circumstances it was not material what private agreements existed between Kimberly and Smith. Both of them were fully examined as to their conversations with Guilford, and there was no claim that he was informed of any such arrangement.

Upon the other branch of the case, on which the testimony was in conflict, there was some evidence tending to show not only that Kimberly cut some logs on Mrs. Guilford's land, but that she cut some on his. This was all the result of a slight mistake of a surveyor. The court instructed the jury that there could be no recovery by Mrs. Guilford for any of her logs in this action of assumpsit

unless Kimberly had expressly promised to pay for them. As the case was put to the jury, they must have found that there was such a direct promise for all the logs on which they found in her favor.  It was claimed by Kimberly that some logs which both supposed to have been cut on her land were mutually agreed on as her logs, and she ran them down the stream to her own place of destination, but that some of these were in fact logs from his land, both parties being under a mistake.   Kimberly took several logs from Mrs. Guilford's logs, and sawed them up into lumber, and when informed that they were hers, he agreed to pay for them.

On the trial of the cause before the justice no defense was put in, and no evidence was given at the circuit to show that Kimberly had ever before claimed that Mrs. Guilford had ever had any of his logs, or that he had taken the logs in question on such a claim to make good the mistake. The court held that if such a mistake had arisen, and he had consented to her putting her marks on those logs, and to their being mixed in the stream with other logs so as to destroy their identity, she could retain them, and he could not take out a corresponding amount of logs not identified as his, in their place, but would only be entitled to recover their value from her.

By means of this arrangement, if made, the plaintiff below was induced to incur for all those logs the expenses of running and management, and if there would have been any equity in allowing a selection by Kimberly of an equivalent amount, it could only be on repayment of such expenses.   She was in no sense at fault if there was such a mistake made.   He is not shown to have made any selection under such a claim, but he sawed up the logs bearing her mark which he took away, under a mistake as to their ownership, which he afterwards recognized to be in her, and promised to pay for.   This being so, and he not having claimed them as an equivalent for others, or offered to pay the running expenses, they cannot be regarded as his logs,

and the court was right in its rulings.    It is not necessary
to consider the somewhat vexed question, what right of selec-
tion would otherwise have existed in a confusion of logs cre-
ated in the manner referred to.

The judgment must be affirmed, with costs.

The other Justices concurred.